# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**PEDRO J. GODREAY, <u>et al.</u>**

**Plaintiffs,**

**v.**

**ROYAL CARIBBEAN CRUISES, LTD.,**

**Defendant.**

**CIVIL NO: 17-1236 (PAD)**

## OPINION AND ORDER

Delgado Hernández, District Judge.

Plaintiffs Pedro J. Godreau, Felita Santos, Pedro Godreau-Santos and Lyda Sierra initiated this action against Royal Caribbean Cruises, LTD, seeking recovery of damages under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141-5142. Before the court is Royal Caribbean's motion to dismiss or for transfer of venue (Docket No. 5), which plaintiffs opposed (Docket No. 7). Royal Caribbean replied (Docket No. 11). For the reasons explained below, the request to dismiss is DENIED, the alternate request to transfer is GRANTED, and the case is TRANSFERRED to the Southern District of Florida.

### I. BACKGROUND

In essence, plaintiffs allege that: they purchased a vacation cruise on board the Adventure of the Seas from Royal Caribbean for travel from February 20, 2016 to February 27, 2016 (Docket No. 1 at ¶ 14); while on the cruise, on February 22, 2016, Pedro J. Godreau, then 73 years old, decided to use the Jacuzzis located at Deck 11 with his wife and nieces (<u>id.</u> at ¶ 22); one of his nieces requested assistance from the staff to sit in a hydraulic chair located in the pool area for people with physical disabilities, to help him get into the Jacuzzi (<u>id.</u> at ¶¶ 23-24); and the hydraulic

chair broke down and caused damages to Mr. Godreau (id. at ¶¶ 26-27). On that basis, they claim Royal Caribbean was negligent by creating an unsafe or foreseeable dangerous condition that was under its exclusive control and is liable for the allegedly resulting damages. Id. at ¶¶ 40-41, 46-54. Royal Caribbean moves to dismiss or to transfer the case to the Southern District of Florida based on the passenger contract's forum selection clause (Docket No. 5), included as Exhibits A and B of its motion.[1]

## II.     STANDARD OF REVIEW[2]

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice," a court may transfer an action to any other district where it might have been brought or to any district to which all parties have consented." In a typical case not involving a forum selection clause, a court considering a Section 1404(a) motion must weigh "the convenience of the parties and various public-interest considerations," and determine, whether on balance a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice. See, Atlantic Marine, 134 S.Ct. at 581 (summarizing typical case analysis). But when the parties' contract contains a valid forum-selection clause, the Section 1404(a) analysis is adjusted in three ways. Id.

---

[1] Ordinarily, courts may not consider under Fed.R.Civ.P. 12(b)(6) documents outside of the complaint or not expressly incorporated therein without converting the motion into one for summary judgment. See, Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 716-717 (1st Cir. 2014)(so noting). There is a narrow exception for documents, however, the authentication of which is not challenged, that are central to plaintiffs' claim and sufficiently referred to in the complaint even if these documents are not physically attached to the pleadings. Id. at 717. In the present case, (i) the ticket contract is a document central to determining Royal Caribbean's liability for the actions raised in the complaint; (ii) Royal Caribbean has attached a Verified Statement of Miguel Hernández, Supervisor Guest Claims for Royal Caribbean, to authenticate the ticket contract; and (iii) the authenticity of the ticket contract is uncontested. Therefore, the court has examined Exhibits A and B in evaluating Royal Caribbean's motion. See, Gibson v. Ecoquest, Inc., 2017 WL 2859744, *3 (July 5, 2017)(doing so under similar circumstances).

[2] In Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. of Texas, 571 U.S. ----, 134 S.Ct. 568, 577-580 (2013), the Supreme Court refused to consider whether a Rule 12(b)(3) motion was an appropriate mechanism to enforce a forum-selection clause, but deemed that a motion to transfer under Section 1404(a) provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district. Id. at 579-580. In like manner, the court treats Royal Caribbean's motion as a motion to transfer. See, Gibson v. Ecoquest, Inc., 2017 WL 2859744, *1 (D.P.R. July 5, 2017)(treating motion to enforce a forum selection clause as a motion to transfer under Section 1404(a)).

First, plaintiff's choice of forum merits no weight. Id. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Second, a court should not consider arguments about the parties' private interests, as these weigh "entirely" in the preselected forum's favor. Id. at 582. In consequence, a court may only consider factors related to the public interest. Third, a transfer of venue under Section 1404(a) will not carry with it the original venue's choice-of-law rules, which may, in some circumstances, affect public interest considerations. Id. So to defeat a transfer pursuant to a forum selection clause, the non-moving party must show that public interest factors "overwhelmingly disfavor a transfer." Id. at 583.

Along the same line, the First Circuit has focused on a "reasonable communicativeness standard." See, Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 8 (1st Cir. 1991)(quoting Shankles v. Costa Armatori, S.P.A., 722 F.2d 861, 865 (1st Cir. 1983)). The standard is designed to give passengers a fair chance to learn about conditions affecting their legal rights that otherwise might be buried within the fine print of adhesion contracts of passage. Id. To that end, a court must examine the facial clarity of the ticket contract and whether its language and appearance make the relevant provisions sufficiently obvious and understandable. Id. Likewise, it should examine the circumstances of the passenger possession and familiarity with the ticket, scrutinizing any extrinsic factors regarding the passenger's ability to become meaningfully informed of the contractual terms at stake. Id. at 9. Finally, forum selection clauses contained in form passage contracts must be fundamentally fair. See, Carnival Cruise Lines v. Shute, 499 U.S. 585, 595 (1991)(emphasizing scrutiny under stated standard).

Within this framework, forum selection clauses have been enforced absent evidence of fraud or overreaching. Id. (enforcing forum selection clause under those conditions). Tracking

these concepts, other courts have required a showing of grave difficulty and inconvenience in litigating at the cruise line's choice of forum in order to invalidate a forum selection clause on grounds of unfairness. See, Gómez v. Royal Caribbean Cruise Lines, 964 F. Supp. 47, 51 (D.P.R. 1997)(discussing issue). On these formulations, they look into whether for all practical purposes plaintiff would be deprived of his day in court. See, Batiz v. Carnival Corp., 915 F.Supp.2d 231, 235 (D.P.R. 2012)(quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 19 (1972)). Plaintiff has a heavy burden of proof to establish inconvenience. Id. The determination of enforceability is made on a case-by-case basis. See, Lousararian, 951 F.2d at 9 (so acknowledging). Differing circumstances may render the same ticket binding on one passenger in one case, yet invalid as against another passenger in another case. Id.

### III.  DISCUSSION

The cover of the "Guest Ticket Booklet" contains a notice at the bottom of the page, in bold and capital letters, stating:

> **IMPORTANT NOTICE TO GUESTS: Your Cruise Ticket Contract is contained in this booklet. The Contract contains important limitations on the rights of passengers. It is important that you carefully read all the terms of the Contract, *paying particular attention to Sections 11 and 12*, and retain it for future reference. Fill out guest information, including mandatory information at www.RoyalCaribbean.com/ onlinecheckin.** (Bold in original; emphasis in italics added)

See, Docket No. 5-1 at pp. 3 and 21. In turn, Clause 11 of the Cruise/Cruisetour Ticket Contract, reads:

> "**Important Passenger Cruise/Cruise Tour Ticket Contract 1 – Read all Clauses**
>
> .   .   .
>
> **11. IT IS AGREED BY AND BETWEEN PASSENGER AND CARRIER THAT ALL DISPUTES AND MATTERS**

>WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS CONTRACT SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE A COURT LOCATED IN MIAMI, FLORIDA, U.S.A., TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE, TERRITORY OR COUNTY. PASSENGER HEREBY WAIVES ANY VENUE OR OTHER OBJECTION THAT HE MAY HAVE TO ANY SUCH ACTION OR PROCEEDING BEING BROUGHT IN ANY COURT LOCATED IN MIAMI, FLORIDA." (Capitalization and bold in original)

See, Docket No. 5.1 at pp. 12 and 32. The ticket contract and the language used made the relevant provisions sufficiently obvious and understandable to adequately communicate to plaintiffs the terms of the contract – including the forum selection clause. See, González-Martinez v. Royal Caribbean Cruises Ltd., 94 F.Supp.3d 147, 154 (D.P.R. 2015)(reaching same conclusion in connection with identical provision). Similarly, plaintiffs had the ability to become meaningfully informed of the contractual terms at stake. They assert that the booklet containing the forum selection clause and the other contract terms was not in the materials they received when they purchased the tickets for the cruise (Docket No. 7 at ¶ 6). However, they did not provide evidence discrediting or contradicting Royal Caribbean's statement that the passenger tickets used for all passengers traveling on board the "Adventure of the Seas" carried the forum-selection clause.

In the same way, plaintiffs' assertion does not mean that they were not meaningfully informed of the contents of the booklet – which even carried the passengers' luggage tags – as they must have received it prior to embarking on the cruise. See, Shankles, 722 F.2d at 865 (contract with the forum selection clause preceded the ticket coupon). As the First Circuit has explained, a passenger's familiarity with a ticket contract does not require actual knowledge of its terms. Instead, the focus is on the *opportunity* to obtain such knowledge. See, Lousararian, 951 F.2d at

11.³ That requirement is met here. Plaintiffs argue that the forum selection clause should be construed in their favor because they are "the non-drafting" parties (Docket No. 7 at ¶ 6). But the Supreme Court has rejected the argument that "non-negotiated forum selection clause in a form ticket contract is never enforceable simply because is not the subject of bargaining." Gibson, 2017 WL2859744 at *4 (quoting Shute, 499 U.S. at 593 and Bremen, 407 U.S. at 12-13).

Lastly, the forum selection clause is fundamentally fair. Plaintiffs do not allege that the clause was the result of fraud of overreaching. In fact, the clause confirms that Royal Caribbean has its principal place of business in Miami. Many of its ships routinely call in the Port of Miami on an ongoing basis. See, Gómez, 964 F.Supp. at 52 (so noting). And even though common sense dictates that an individual purchasing a ticket will not have bargaining parity with a cruise line, including a reasonable forum clause in a form contract of this kind is permissible for several reasons: (1) a cruise line has special interest in limiting the fora in which it may be subject to suit, for the plurality of the passengers' residences would expose it to litigation in several different fora; (2) a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions; and (3) the passengers receive benefits in the form of reduced fares that reflect the savings enjoyed by the cruise line because the fora is limited. See, Shute, 499 U.S. at 593-594 (explaining permissibility

---

³ See also, González-Martinez, 94 F.Supp.3d at 154 (applying meaningful opportunity standard); Gibson, 2017 WL2859744 at *4 (noting that "courts have uniformly held that the passenger is bound by the limitations clause even though the passenger may not have read the contract"); Gómez, 964 F.Supp. at 50 (same). Even more, courts have validated the terms and conditions of passenger contracts even if the passengers have not received the passenger contract in person but have relied in a travel agent, friend or relative to receive the contract. See, Palmer v. Norwegian Cruise Line, 741 F.Supp. 2d 405, 415 (E.D.N.Y. 2010)(concluding that a reasonable person knows that to travel on board a cruise ship the passenger needs a passage contract); Kientzler v. Sun Line Greece Shipping Co., 779 F.Supp. 342, 346 (S.D.N.Y. 1976)(a person that fails to read the contract and relies on another person to deal with the details of a voyage on board a cruise ship is imputed to have knowledge of the terms and conditions of the contract).

of forum selection clauses in commercial passage contracts). Those considerations support the enforceability of the clause here.

Plaintiffs claim that (i) co-plaintiff Pedro J. Godreau is physically incapacitated, the doctor having certified that "it is impossible for him to travel to the United States" (Docket No. 7 at ¶ 5); and (ii) the enforcement of the forum-selection clause would constitute an undue burden as all plaintiffs reside in Puerto Rico and do not have the economic means to litigate their action in Florida. In support of the alleged impossibility to travel of one of the four plaintiffs, plaintiffs submitted an illegible handwritten note prepared by a doctor whose name is illegible (Docket No. 7-1). At Docket No. 12, they followed up with another certification "that establishes that Mr. Pedro Godreau is physically incapacitated and the doctor certified that it is impossible to him travelling [sic] to the United States." Id. at ¶ 3. They did not, however, indicate where in that 5-page document – which is not a certification but a copy of some medical notes printed on May 12, 2017 – the doctor states that it is impossible for Mr. Godreau to travel to the United States.

Additionally, from what the court could ascertain, the only reference to a flight in the document does not support the impossibility assertion either. In particular, page 5 of the document states: "Patient with multiple medical conditions for which commercial flight not recommended." On this record, the impossibility claim is unsupported. See, Batiz, 915 F.Supp.2d at 235-236 (statement that plaintiff was a single mother and disabled veteran with serious health issues that impeded travel to places other than Puerto Rico considered insufficient to prevent transfer of case from the District of Puerto Rico to the Southern District of Florida); Cooper v. Carnival Cruise Lines, Inc., 1992 WL 137012 (S.D.N.Y.1992)(plaintiffs affidavit alleging "physical and financial hardship" found insufficient to prevent transfer).

Equally unpersuasive is the "undue burden" allegation. The reason is two-fold. At the outset, the court is unable to consider plaintiffs' private interest in assessing whether transfer is proper in this case. See, Atlantic Marine, 134 S.Ct. at 582 (so stating). Further, although "there is some inherent inconvenience in any party having to litigate its claims in a foreign forum," Gibson, 2017 WL2859744 at *4, ". . . Florida is not a remote forum with regard to Puerto Rico since it is easily accessible by a relatively short flight from the island." Morales v. Royal Caribbean Cruises, Ltd., 419 F.Supp.2d 97, 101 (D.P.R. 2006).[4] Thus, there has been no showing that enforcement of the forum selection clause would be so gravely difficult and inconvenient that for all practical purposes plaintiffs would be deprived of their day in court. The forum selection clause is valid, and the forum choice reasonable.

## IV. CONCLUSION

For the reasons stated, the case is transferred from the District of Puerto Rico to the Southern District of Florida. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of January, 2018.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge

---

[4] See also, De la Mota Estrella v. Royal Caribbean Cruise Lines, Inc., 2006 WL 2601657 (D.P.R. 2006)(Miami is an accessible forum for parties from Puerto Rico); Gómez, 964 F.Supp. at 52 (same).